May it please the court, John Holibier here on behalf of the appellant T. Chet Cher. Your honors, this is a sentencing appeal. The appeal is controlled by Booker and Ameline II. Under Ameline II, this case would have to be remanded. Why is that? This case differs, it seems to me, because in the plea colloquy, didn't he admit to the specific amount of loss? He did admit to the specific amount of loss. Okay. So why is that a problem? There's no judicial finding based on a preponderance of anything because he has explicitly and specifically agreed to that fact. Right. And we had argued in terms of the Sixth Amendment violation in our opening brief that it had to do with determining when, in fact, the payments continued to, which would have affected which sentencing guidelines applied, and it would have been an ex post facto problem if, in fact, it had ended prior to November 2001 as opposed to December of 2001. But isn't it just sort of if you plead guilty to a crime, you know, and give up all your rights, and then you say that I was denied a jury trial, but you gave up that right. I mean, and so he admitted that the amount of, what, $49,000 or whatever, and then he said, but I didn't get a jury trial on that. Well, I mean, what's better than someone's admission? I mean, I'd rather, you know, I mean, I'd feel more comfortable if I admitted something than 12 people told me that I did it. And, Your Honor, I certainly understand that position. And whether or not this was a Sixth Amendment violation, this is a situation where Mr. Scher does receive the benefit of the remedial portion of Booker, where there would not be any ex post facto problem, that he, in fact, is entitled to, since it does affect all cases currently pending on direct appeal. This is what the Ameling 2 decision talked about. But there has to be a reason to remand it. If there's no ---- Under Ameling 2, if there's any possibility that the sentence could have been, that the judge could have exercised additional discretion to give a lower sentence, which is currently the case here, he didn't give him a high in sentencing range. So it's certainly possible that the judge could, now knowing that he's not constrained by the limitations of a mandatory sentencing scheme. So in your view, every single case has to go back, even if there's no Sixth Amendment violation, the person has admitted to all the facts required for sentencing, and arguments were made below for discretionary departures. The judge rejected them. So on what basis would we assume that there would be a different exercise of discretion? Well, with respect to the ---- I mean, Ameling 2, of course, says it's the ---- it would be the truly exceptional case where there would not have to be a remand because we don't know whether the judge ---- what the judge would do now that he's no longer constrained by the mandatory sentencing guidelines. Well, let's say we don't buy that, and then we don't buy your 10-level departure. Well, with respect to ---- What would we do on remand since your client has a really pretty immediate release date, right? Mr. Scherr's release date is further than Mr. Dubas's, but yes, it's coming up pretty soon. What is his projected release date? Your Honor, I don't have that information. That's okay. With respect to departure issues, and this, of course, we had argued that the judge had made clearly erroneous factual determinations in finding that the fact here was sufficiently extraordinary. He didn't have ---- Let's assume that we disagree there, that we don't find any clear errors of fact. You have a situation in which the Court was already given a significant opportunity to depart downward and declined to do that. Now, I don't know whether it's extraordinary or not extraordinary, but you have a situation here in which there's no sixth, at least for the sake of this question, no Sixth Amendment violation because he said this is the amount of the loss, and the judge has already been presented with the opportunity to depart downward, and has said, no, I don't want to do that. I understand I have discretion. I don't want to use my discretion. So why is that a remandable case? Because in exercising his discretion, he still had to follow the strictures of the Sampson Guidelines, and granting departures under 5K and 5H, he was limited in the basis for granting departures. There was still a legal limitation that he was stuck with. He did not have the full discretion that under Booker he now clearly does have. So it's certainly possible that he could, now that he's no longer constrained by the limitations for granting those departures, that he could say, well, you know, now that I have complete discretion, I am going to reduce your sentence. And that's why we would ask that there would be a remand, that there's certainly a possibility that some discretion could be exercised by the judge. Now, in terms of the, if I could turn to the supervised release condition, in terms of delegating to the probation officer responsibility. Now, this one also is a plain error review, correct? It is, Your Honor. Okay. When at least one of our co-circuits, sister circuits, has held specifically that this is permissible, why should we hold that it's plain error? Well, Your Honor, I went back and I looked at the Fifth Circuit warden decision. And if you read the warden decision, the court there was, in fact, addressing a differently worded condition. In warden, the condition was the defendant will incur costs associated with such programs based on ability to pay as determined by the probation officer. There, the probation officer was only required to make determination as to ability to pay. The court, in fact, ordered that he would have to pay. But if you can't pay, then you don't pay anything. I mean, ability to pay means that can be zero to full payment. That's right. But the court, in fact, in the Fifth Circuit case, had, in fact, ordered that he make those payments. All right? In this case, that's not what the condition says. The condition here says, as directed by the probation officer, the defendant shall pay all or part of the costs of the treatment. So it's the probation officer who's making both the determination as to whether he should pay and if he should pay, whether he then has the ability to pay. So it's this here was a complete delegation to the probation officer, which is very much like the problem you had in Gunning with the Mandatory Victim Restitution Act, which also, by the way, Gunning was reviewed on plain error, that it was a clear violation of the statute. And the statute, of course, is not permissive, as the government argued in the last case with respect to this issue. The statute says whenever the court finds that funds are available, the court may direct. Here, there's no finding. The court made no finding that funds were available. Well, it didn't in Worden, either. That's why I asked the question. But the court, well … But he didn't make that finding, did he? Well, I think what the court in Worden did was that the defendant will incur costs. The court ordered that he would have to pay. Here … I know, but I guess did the court there make the finding that you have just read? Which finding is that from? You read from the statute to say if the court finds that funds are available, then the court may. And I'm asking you whether in Worden the court made that kind of finding, that funds were available. It did not make the finding that funds were available, but it did direct that such funds be paid if the funds were available. Here, the court neither made a finding that funds were available or that funds or that the funds should be paid if they are. Here … So at least … … the delegation was complete to the probation officer. At least Worden stands for the proposition that a circuit has permitted delegation of the finding that the statute says the court must find. Well, interestingly also in Worden, they don't make any reference to the statute whatsoever. So it's not clear that in fact this condition was based on this statute. I think it may have been and probably was, but there's no indication in there that it was based on this statute. And the language in this statute is not permissive. It's clear that the court is supposed to make the findings as to ability to pay and whether the funds ultimately should be paid. And here, the condition completely delegates those issues to the probation officer. Now, this case has to go back on the restitution question, and the government conceives that. So presumably, even if you're correct about the probation condition, the district court will have an opportunity if you raise the issue there to correct anything by ordering that he make the payment. That's true. Okay. So that would cure any error? I don't know. If there is any. I think you can certainly say that it was error to have imposed the condition using the language that the court imposed. But if we found it wasn't clear error, it's not like you don't have a chance to talk about it again. That's certainly absolutely right. But also because this is being remanded, I would also submit that. It would be harmless error on our part. Well, correct. Since the parties are in agreement that this has to be remanded, this is where we also have a situation where I think it has to be a remand for a full resentencing, because clearly the sentencing scheme that will be in effect when he goes back before the court is now under Booker and it's discretionary. It's a different scheme. So because this has to go back anyway, the court has to be. Well, we would not theoretically have to remand for complete resentencing anyway if the only error, assuming the only error is in the restitution portion. Couldn't we otherwise affirm a sentence? Well, I think. Theoretically. I know you don't agree that we should, but isn't that an option open to the court to say, except in this one respect, the sentence is affirmed? Generally, that's true. But we've never been in a situation, of course, where the entire sentencing scheme has been changed in the meantime. Okay. So you still have to convince us on the Booker piece. We would also be able to deal with the other supervised release case. If your client was out of custody at that point, could worse things happen to him? Could worse. If we gave you your wish, could it be a wish that you would be sorry that was granted? Well, yeah. I mean, certainly that's a consideration. Yes, within a discretionary sentencing scheme, the possibility does exist for the judge to go. . . To say, boy, I wish I could have gone higher than this guideline. That's true. I'm so happy to have that opportunity. And you're rolling that dice? Yes, my client is rolling that dice. Okay. Thank you, Counsel. We'll hear from the government. May it please the Court. Good morning, Your Honors. Lawrence Middleton, appearing on behalf of the United States. As has been indicated, the government has conceded that this matter should be remanded to allow the district court to determine a schedule for the payment of restitution. However, it's the government's position that there are no other issues raised in this case that would warrant remand. And I'd like to start with the defendant's argument with respect to a Sixth Amendment violation. There is no Sixth Amendment violation in this particular case. I think as this Court has already noted, the defendant in this particular case, at the time of this guilty plea, admitted each and every fact that was necessary in determining the sentence that was imposed in this particular case. And based on Booker and all of the law that applies in this case, where the defendant has, in fact, admitted the factors that are used in determining the sentence, then there is no Sixth Amendment violation. Now, the defense counsel suggests that there could be an issue based on the date or the timing of the offense. But in this particular case, first of all, the date of the offense is charged in the indictment. And in this particular case, the defendant also admits, at the time of his change of plea, the date of the offense. In fact, he admits that during the time period alleged in the indictment, that is, in May of 1985, through and including December of, I believe it is, 2001, the offense occurred and he was receiving monies that he was not entitled to. So even the defense's second argument for a remand doesn't apply in this particular case, because the defendant did, in fact, admit the dates of the crime. So based on an argument of a Sixth Amendment violation, there is no grounds for remand. The defense suggests that based on Booker, a remand is applicable because of the mandatory application of the guidelines. But again, and I think the court has pointed this out also, Booker leaves open the possibility that not all cases will require remand, even where the guidelines are applied as mandatory. This is one of those cases. The government suggests that that is the case, because if you look at the guideline range in this particular case, it was a guideline range of 12 to 18 months. The court chose to impose a sentence of 15 months. If, in fact, the court had felt constrained by the guidelines in imposing the sentence, then one could reasonably conclude that he would have sentenced at the end of that guideline range, or at the low end. Because the court did not choose to do that, I think it's reasonable to infer that the court in no way felt constrained by the fact that the guidelines were mandatory. And I think it's reasonable to conclude on that basis that if, in fact, this case was remanded, the court would, in fact, impose the same sentence. So given that Booker does leave open the possibility that not every case where the guidelines are applied as mandatory warrants remand, I think this court can, on this record, conclude that this is not a case that requires remand. I'd also like to address the issue of supervised release, or specifically the condition requiring that the defendant pay the cost of psychological treatment. Now, obviously, as the court, again, has pointed out, there is a Fifth Circuit case that is on point, where the court held that it was not an inappropriate delegation of authority to the probation office. In light of that fact, this is obviously not plain error. And so given the plain error standard, because this issue was not a... Well, I certainly raised that as a possibility in my questioning, but if we were to analyze the statutory provisions and determine that the Fifth Circuit was just flat-out completely wrong, couldn't we still conclude that something was plain error, even though another circuit didn't think it was error at all? Well, Your Honor, I think the court could do that, and what I'm suggesting, though, is from where the district court was sitting at the time, it's certainly difficult to view it as plain error, given the guidance that he had. What would be, from the government's perspective, would there be a problem in remanding, as well as the restitution, the conditions of probation, to permit any supplemental orders or fact-finding to obviate this argument, so that life can go on without having to deal with this as a complex legal issue? Well, I'm not sure there's a problem, other than the fact that, obviously, the government would want the remand to be as limited as possible. In this particular case, though, the government also disagrees with the defense's argument in his attempt to distinguish the orders made by the court in this case in comparison to the order made in the Warden case. Essentially, in the Warden case, what the court said is the defendant will incur the cost associated with such monitoring based on the ability to pay, as determined by the court. So, in that particular case, there was no schedule set, but the court did order, essentially, that there would be payment made, and left it to the probation office to determine how those payments would be made. I believe that looking at the order in this case, you can reach the exact same conclusion. Essentially, what the court said in this case is that, as directed by the probation officer, the defendant shall pay all or part of the cost of the defendant's psychological disorder treatment. So, really, all the court left up to the probation officer was, in fact, the schedule. The court did order that those payments would be made. It didn't say what the amount would be. It could be all, it could be part, but the court ordered that those payments be made by the defendant, and it was left to the probation office to determine how those payments would be made. So, in many respects, the two orders are the same. Let's say that the situation, let's say if a defendant's being supervised, and the probation officer says you have to pay $100 a month or something, and the defendant just really disagrees and says that's, you know, not possible. Can a defendant, at any time, just ask to go back to court and talk to the judge about that? I believe that he can, Your Honor. I think payments of fines and restitution that are dependent on the defendant's ability to pay routinely have been reviewable. I mean, obviously the defendant wouldn't be able to disregard the probation officer without getting permission from the court first. That is correct, but one of the things that's monitored during the period of probation or supervised release is a defendant's ability to pay. So, to the extent that there appears to be some disagreement as to whether the defendant has the ability to pay, that's certainly something that can be raised and brought to the attention of the district court. The other distinction I would like to make, though, Your Honor, with respect to this issue is that while the parties have focused on the statutes and the differences or the similarities between those two statutes, I think more important in this particular case is the difference between the payment of fine or restitution and the payment of restitution. And the payment of something like the cost of psychological treatment. Obviously, with respect to restitution and fine, that is an amount that's determined at the time of sentencing. So, it's a known fact that the court knows what that cost is going to be. On the other hand, with respect to the cost of psychological treatment, the court doesn't know what that cost is going to be. So, as a practical matter, it makes much more sense to delegate some authority in that area to the probation office to determine how that payment is going to be made. And certainly on the face of the statutes, there is nothing that prevents such a delegation. And, in fact, while the defendant tries to equate this statute to the Mandatory Victim Restitution Act, what makes what required remand in those cases determining, or I'm sorry, interpreting the Mandatory Victim Restitution Act was the fact that the statute specifically provides for scheduling by the court. And we do not have that with respect to 18 United States Code Section 3672. So, the government's position would be that, first of all, the two statutes are not analogous. But as a practical matter, there's a substantial difference between an order to pay the cost of treatment and an order to pay a fine or restitution. The last issue I'd like to address, Your Honors, with respect to the downward departures. And the defense makes two arguments here. One, that the court was erred in finding that there was extraordinary, or that there was not extraordinary impairment. With respect to that argument, the record, first of all, the defendant has the burden. If you look at the record in this case, other than citing the fact that the defendant has certain ailments, there really is nothing to suggest that those ailments are extraordinary. Either in the pre-sentence report or even in the defense's papers. And on that particular record, the court's finding that those ailments were not extraordinary is not clearly erroneous. The last argument the defendant makes is that the court, from the record, seems to suggest that extraordinary impairment is not a valid grounds for downward departure. And therefore, failed to exercise the discretion that it had. Isn't that one of those types of situations where whatever the court decided, we probably shouldn't second guess the court? If the court had found it to be extraordinary under those circumstances? The government would agree with that, Your Honor. It certainly was something that the court could consider and should have considered on the record. And in this particular case, the court did that, and on the record before it, it concluded that there was no showing that the ailments that had been raised by the defense were extraordinary. The last argument that the defense makes about the court not believing it had discretion is simply implausible on the record. We're talking about a grounds for downward departure that is a specific guideline in the sentencing guidelines at the time. And in the government's papers, the government conceded that it was a permissible grounds for downward departure. On that record, it's simply implausible to conclude that the court didn't believe that extraordinary impairment was a valid grounds for downward departure. And so on that, Your Honor, unless the court has questions, the government submits. I don't believe we do. Thank you. Mr. Levy, again, although you've used your time, you may have a minute for rebuttal if you'd like it. Thank you, Your Honor. Just again, I do believe Ameline II does control this case in terms of requiring a remand. There certainly was additional discretion that the court could have considered. Beyond just the departure requests that were made, defense counsel and defendant were limited in what downward departure grounds it could request. Now it's no longer limited to that. There are numerous mitigating factors that could have been presented to the court, which could have altered the court's decision on sentence. But under the mandatory sentencing scheme, he was not able to make those suggestions to the court. Which he now would be able to do. And in terms of just the condition, the statutes, in fact, are analogous to the Mandatory Victim Restitution Act and the statute here, to the extent that we're talking about delegating to the probation officer. And that's what we're talking about in our brief. And unless the court has any questions. I don't believe we do. Thank you, counsel. Again, we appreciate the arguments of both parties. The case just argued is submitted and we'll take about a five-minute recess. Thank you.
judges: Gibson, Graber, Callahan